KAUFMAN DOLOWICH VOLUCK
ATTORNEYS AT LAW

Brett A. Scher, Esq.
Email: bscher@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

June 29, 2021

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Shelbourne Global Solutions, LLC, *et al.* v. Gutnicki LLP, *et al.*
Case No. 1:21-cv-02223 (KAM)(SJB)

Dear Judge Matsumoto:

Our firm represents the defendants Gutnicki LLP, Abraham A. Gutnicki and Stacy Flanigan (collectively, "Defendants") with respect to the above-captioned matter. Pursuant to Rule III(B) of Your Individual Practices, we write to respectfully request a pre-motion conference in anticipation of a motion to dismiss the Complaint filed by plaintiffs Shelbourne Global Solutions, LLC, Shelbourne Global Acquisitions, LLC, Shelbourne Alf Holdings, LLC and Shelbourne Oaks, LLC (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction over the defendants.

## The Allegations in the Complaint

Plaintiffs are limited liability companies allegedly formed under the laws of the State of New York or Florida. (Compl. ¶¶ 11-14). Plaintiff Shelbourne Global Solutions, LLC ("Shelbourne Global") is a private equity company that owns and manages various commercial real estate properties. (Compl. ¶ 19). Gutnicki LLP is a limited liability partnership, organized under the laws of the State of Illinois, and has a single physical office located in Skokie, Illinois. Mr. Gutnicki and Ms. Flanigan are both attorneys at the law firm Gutnicki LLP, they reside in Illinois, and are licensed to practice law in Illinois. (Compl. ¶¶ 17-18).

Plaintiffs allege that they retained Defendants as counsel in connection with the acquisition of an assisted living facility located in Fort Myers, Florida (the "Facility"). (Compl. ¶2). In connection with the purchase of the Facility, Defendants allegedly negotiated certain terms on Plaintiffs' behalf and finalized the documents necessary to complete the transaction in August and September of 2014. Plaintiffs allege that it was agreed that Shelbourne Global would purchase the Facility and lease it to RSC Hidden Oaks Fort Myers, LLC ("RSC"), which would operate the Facility. (Compl., ¶¶30-33). At the time of the proposed transaction, RSC was already in contract to purchase the Facility. On October 8, 2014, Shelbourne Global and RSC entered into an agreement pursuant to which RSC assigned its rights to purchase the Facility to Shelbourne Global. (Compl., ¶38). Shelbourne Global and RSC simultaneously entered into a purchase option agreement which gave RSC the right to purchase the Facility (Compl., ¶ 40).

Plaintiffs allege that the purchase option contained a "scrivener's error" and that the lease agreement did not allow Plaintiffs to remove RSC as the operator of the Facility in the event of any action by governmental authorities to revoke the Facility's license to operate as an assisted living facility, so long as RSC was contesting the proceedings. (Compl. ¶ 43). Plaintiffs allege that these terms ultimately caused them damages and assert the following causes of action against Defendants: (1) legal malpractice; (2) breach of contract; and (3) promissory estoppel.

### Grounds for Defendants' Motion

Defendants seek permission to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The only purported basis for exercising jurisdiction over Defendants is set forth in paragraph "9" of the Complaint which contends "[o]n information and belief, Defendants transact a significant amount of business and have numerous clients within the State of New York."

It is well settled that a New York Court may only exercise personal jurisdiction if it has a basis for either general jurisdiction pursuant to CPLR § 301 or long-arm jurisdiction pursuant to CPLR § 302. See Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. BP Amoco P.L.C., 319 F. Supp. 2d 352, 357 (S.D.N.Y. 2004). At bar, there is no basis for general jurisdiction pursuant to CPLR § 301. Mr. Gutnicki and Ms. Flanigan are residents of Illinois and are not licensed to practice law in the State of New York, and therefore cannot be subject to general jurisdiction in New York. See Pichardo v. Zayas, 122 A.D.3d 699, 703 (2d Dep't 2014). In addition, Gutnicki LLP (an Illinois LLP with its sole office in Illinois), is not "doing business" in New York. A party is "doing business" in New York where it has engaged in a continuous and systematic course of activities, deeming it present in New York. WIWA v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000). Plaintiff's Complaint fails to set forth any factual basis for its contention that Defendants "transact a significant amount of business" in New York for purposes of exercising general jurisdiction. While Gutnicki LLP has appeared on a pro hac vice basis on cases in New York over the years, this matter was not one of them and Gutnicki LLP does not maintain an office in New York, is not licensed to do business in New York, and does not advertise or solicit business in New York. Nor does Gutnicki LLP maintain any bank accounts or a telephone listing in New York, nor does it have any employees in the state. Under these circumstances, Gutnicki LLP cannot be subject to general jurisdiction. See Saudi v. Marine Atlantic, Ltd., 306 Fed.Appx. 653 (2d Cir. 2009).

Second, there is no basis for long-arm jurisdiction over the Defendants pursuant to CPLR § 302(a)(1). Under § 302(a)(1), personal jurisdiction is only appropriate where the defendant through some act "purposefully avails itself of the privilege of conducting activities in New York." Ehrenfeld v. Bin Mahfouz, 9 N.Y.3d 501, 508 (2007). Under well-settled case law, an out of state attorney who represents a New York client is not subject to personal jurisdiction in New York merely by communicating with the client via email, telephone or fax. See Aquiline Capital Partners LLC v. Finarch LLC, 861 F. Supp. 2d 378, 388 (S.D.N.Y. 2012). Plaintiffs do not allege that Defendants were physically present in New York during the course of the representation, other than vaguely stating that Defendants "participated" in a meeting at Shelbourne Global's offices in New York. (Compl., ¶ 68). However, no attorney from Gutnicki LLP was physically present in New York in connection with that meeting. In any event, even if that fact is disputed, mere attendance at a single meeting in New York is insufficient to confer jurisdiction. Pryor, Cashman, Sherman & Flynn v. Haisfield, 1990 WL 165687, at *3, 90-cv-3586 (RWS) (S.D.N.Y. Oct. 26, 1990).

Further, courts in this District have previously held that attorneys who represent New York clients are not subject to personal jurisdiction in New York where the attorneys did not solicit the plaintiff's business and the legal services were performed out of state. See Marx v. Mundie, 2016 WL 4621079, at *7, 15-cv-5253 (ADS)(GRB) (E.D.N.Y. Sept. 6, 2016); Stair v. Calhoun, 2009 WL 792189, at *7, 07-cv-03906(JFB)(ETB) (E.D.N.Y. March 23, 2009). Here, all of the alleged services performed by Defendants took place in Illinois and Defendants did not solicit Plaintiff's business.

In addition to having a basis for personal jurisdiction under CPLR §§ 301 or 302, a court must also analyze whether personal jurisdiction comports with the basic requirements of due process. Charles Schwab Corporation v. Bank of America Corporation, 883 F.3d 68, 81 (2d Cir. 2018). At bar, for the same reasons stated above, the exercise of personal jurisdiction in this case would not comport with the requirements of due process. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985)

Finally, as required by Your Individual Rules, Defendants propose the following briefing schedule: Defendants' motion due by July 29, 2021; Plaintiffs' opposition brief due August 30, 2021; Defendants' reply brief due September 15, 2021.

Respectfully submitted,

Brett A. Seher

cc: All counsel of record (via ECF)